# SUPERIOR COURT,

## FALL SESSIONS,

## 1888.

———•———

WILMINGTON DENTAL MANUFACTURING COMPANY *v.* ADAMS
EXPRESS COMPANY.

*Common Carrier—Delivery of Goods—Evidence.*

A common carrier is liable for the loss of goods delivery to it to be carried.

A delivery of goods to the servant of the Adams Express Company, who was their
wagoner to receiver goods througout the city and deliver them to the Company
at its offices, is a proper delivery to the Company.

Where the proof of the delivery of the goods to the defendant's agent is questionable,
the fact that one of plaintiff's agents who had been accustomed to take packages
to the defendant Company had been convicted of larceny of other goods from
the plaintiff may be considered by the jury as a possible explanation of the
loss; but where there is no doubt of the delivery the conviction must have no
weight.

(*New Castle, November, 1888.*)

TRESPASS ON THE CASE for value of goods lost.

The suit is to recover the value of goods shipped through the
defendant company, as follows: May 10, 1886, 150 full sets of
false teeth, valued at $168, to New York, for reshipment to Sig-
mund Pappenheim, Berlin, Prussia ; October 6, 1886, a shipment
valued at $474.88, to New York, for reshipment to Paul Buss,

Berlin ; November 8, 1886, a shipment valued at $158, to J. L. Brewster, St. Louis, Mo. The goods were lost in shipment, and claim is made for their value, $810.88.

Michael Mooney, a clerk for the Dental Company, testified to making the shipments and receiving receipts from the company.

John L. Brewster, sworn ; Was then travelling salesman for same company. Received in St. Louis no goods alleged and charged in the third shipment. Inquired once for them at the St. Louis Dental Co., but not at the office there of Adams Express Co.

Mooney, again. I packed the goods and shipped them by the Adams. Express Co., to John L. Brewster to the care of the St Louis Dental Co.

Deposition of the bookkeeper of the firm of L. Consareau & Co., in New York, to which were consigned the first and second shipments as alleged and charged by plaintiff company was then read in evidence, to the effect that the books of said firm show no such shipments to the firm.

Deposition of Frederick Kempff and another, to the effect that they were members and officers of the St. Louis Dental Co., and that the books of it show that no such shipment was ever delivered at its office, and the latter deposed that it never did come to it—he was order clerk of the company.

Jacob F. Frantz. Is a stockholder and the president of the plaintiff company. Proves Hall's signature.

Stansbury J. Willey is treasurer of same ; prove the signature of Hall to be genuine. The goods shipped never came back to the plaintiff company.

*Mr. Bird* offered as evidence the record of the indictment and conviction of Silas Murray for the larceny of sundry goods from the plaintiff. Attorney-General Biggs testified to prosecuting the case, and that Murray was convicted of stealing platinum.

Samuel F. Betts had been agent for the Adams Express Company for twenty-seven years. The manifests were exhibited and the witness declared that no packages were shipped by the Express Company on May 10. October 5 a box weighing seven pounds was shipped for the Wilmington Dental Manufacturing Company. There was no record of any shipment on November 8. When the loss was reported the Express Company endeavored to ferret out the matter and employed a detective, but the packages were never recovered.

Edward J. Dougherty, a Pinkerton detective, testified to making an investigation of the loss at the instance of the Express Company. Examined the books at the Dental Company's office and thought that some of the figures had been changed.

George H. Hall, driver for Adams Express Company, had frequently called at the office of the Dental Company for packages. When they were not ready, Michael Mooney, a clerk in the office, would often say he would send the goods to the office by Silas Murray. Had often seen Murray bring packages to the express office. Witness could not swear that the signature on the book on May 10 was his own. Had been tested several times in regard to recognizing his own signature and had failed.

William H. Tunis, route agent for the Adams Express Company, was with Detective Dougherty when he made the investigation of the alleged loss of the packages. In the office of the company Michael Mooney explained the change of a figure one to a two in the entry book by saying that when the entry was made only one box was ready, but a short time afterward another box was

sent and the figure changed. Had seen Silas Murray at both of-
fices of the Adams Express Company with packages and boxes.
Tested Hall's ability to recognize his own signature and found that
he could not.

Harry Betts, clerk for the Adams Express Company. Had
been in the office for about twenty years. Have seen Silas Murray
bring goods to the express office.

The defence rested here and *Mr. Higgins* recalled Stansbury J.
Willey and explained the transactions of October 5.

Michael Mooney was recalled. The alteration in the figure
was made because one package was intended to go by mail, and Mr.
Willey took it to the post office. The postal authorities would not
take it on account of the weight. The package was then brought
back and sent by express and the two packages placed together.

*S. A. Macallister* and *Anthony Higgins* for the plaintiff, asked
the Court to charge the jury as follows :

1. That as the testimony does not show that Silas Murray was
in any way connected with the several transactions in issue in this
case, the fact of his conviction subsequently to the larceny of plati-
num from plaintiff, the jury should not allow such conviction to be
considered to the prejudice of the plaintiff, or to its right to re-
cover.

2. That as Mr. Hall the driver of the wagon was authorized
to sign receipts for goods delivered to him, the company were by
such delivery and receipt, charged with the goods, and the burden
of proof is upon the Express Company to discharge itself from its
consequent liability.

*Levi C. Bird,* for the defendant.

COMEGYS, C. J., charged the jury. Speaks of the absolute obligation of a common carrier to safely deliver goods delivered to it to be carried. If the goods in question were delivered by the plaintiff Company to Hall who was the servant of that Company as their wagoner to receive goods in the city and deliver them at the offices of the express and defendant Company was a delivery to that Company.

To the 1st prayer :

That if the jury should be satisfied, from the testimony, that the witness Hall, a driver of the Adams Express Company, actually received the several parcels of goods for which the claim in this case is made against such Company, the fact that Silas Murray, a person employed in the service of the plaintiff during the period of the deliveries, has been shown by the evidence submitted from the records of the Court of General Sessions of this county, to have been convicted of larceny of goods of the plaintiff at the May Term 1887 of said Court, ought to have no weight with the jury ; but if on the contrary they are not satisfied by the proof that the several deliveries were made to Hall, they may take into account the fact of such conviction as a circumstance to be weighed with the negative proof of Hall's receipt of them, arising from any doubt (if such doubt exist in the jurors' mind in view of the proof in the case,) of the genuineness of Hall's signature on the express books of the Dental Company the plaintiff.